**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1831
_____

CHARLES S. WILLIAMS,
                                        Appellant

v.

OFFICE OF DISTRICT ATTORNEY ERIE COUNTY; JOHN H. DANERI, (Jack,
District Attorney); BRUCE TACKETT, Forensic Scientist, Pennsylvania State Police
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 1-15-cv-00086)
Magistrate Judge: Honorable Susan Paradise Baxter
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 10, 2018
_____

Before:  MCKEE, VANASKIE, and SILER, JR.,* *Circuit Judges*

(Filed: October 3, 2018)
_____

OPINION**
_____

---

        * The Honorable Eugene E. Siler, Jr., Senior Circuit Judge, United States Court
of Appeals for the Sixth Circuit, sitting by designation.

        ** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

VANASKIE, *Circuit Judge*.

In this civil rights action, Appellant Charles Williams appeals (1) an order granting summary judgment to Appellees, the Erie County District Attorney's Office and District Attorney John Daneri, and (2) several orders denying his repeated requests for the appointment of counsel.[1] Discerning no error in the District Court's orders, we will affirm.

## I.

In 1995, Williams confessed and pleaded guilty to several criminal charges arising out of the sexual assault of his then-partner's nine-month-old daughter. Since that time, however, Williams has reversed his position and asserted his innocence. After serving over twenty years in prison, Williams was released and is currently on parole supervision.

According to Williams's theory of the case, DNA evidence obtained by the police at the time of the crime will implicate his then-partner's brother. Williams has repeatedly, yet unsuccessfully, sought to obtain this evidence via various federal and state proceedings. In this civil rights action brought pursuant to 42 U.S.C. § 1983, Williams, once again, seeks the alleged DNA evidence. After an opportunity for discovery, Appellees moved for summary judgment, arguing that the DNA evidence did not exist. The parties consented to Magistrate Judge Susan Paradise Baxter's jurisdiction. Observing that the record did not support the existence of the evidence,

---

[1] Appellee Bruce Tackett was voluntarily dismissed from the action pursuant to Federal Rule of Appellate Procedure 42 on May 4, 2018.

Judge Baxter concluded that it was "impossible for [the] Court to grant the relief requested . . . ." (App. 18.) Williams lacked standing and so summary judgment in favor of Appellees was warranted. Additionally, throughout the case, Williams made four separate requests to have counsel appointed. Judge Baxter denied all of his requests.

On appeal, Williams contends that several errors in the discovery process rendered the Judge's summary judgment order premature, and that the Judge abused her discretion in denying his requests for the appointment of counsel.

## II.

Upon obtaining the consent of the parties, the Magistrate Judge had jurisdiction pursuant to 28 U.S.C. §§ 636(c)(1); 1331. We have jurisdiction pursuant to 28 U.S.C. §§ 636(c)(3); 1291. We exercise plenary review over grants of summary judgment. *United States ex rel. Kosenske v. Carlisle HMA, Inc.*, 554 F.3d 88, 94 (3d Cir. 2009). We review denials of motions to appoint counsel for an abuse of discretion. *Hamilton v. Leavy*, 117 F.3d 742, 749 (3d Cir. 1997).

## III.

Williams raises four specific arguments, none of which warrant reversal. First, he argues that it was error to grant summary judgment without providing him with notice of Federal Rule of Civil Procedure 56's requirements. Second, he contends it was error to grant summary judgment despite incomplete discovery and inconsistencies in the record. Third, he asserts it was error to decline to construe his summary judgment responses as a Rule 56(d) affidavit to postpone summary judgment. And fourth, he claims the

3

Magistrate Judge abused her discretion in denying several requests to appoint counsel. We will address each argument in turn.

A.

First, Williams argues that, as a *pro se*, indigent prisoner, he was entitled to notice "advising him of the requirements for defending against summary judgment, including a description of Rule 56's requirements, the utility and need to file a Rule 56(d) affidavit if Plaintiff believed he needed more information to defend against [the] motion for summary judgment, or of the consequences for failing to do so."[2] (Appellant's Br. at 20.) We disagree. While we have recognized an obligation to provide notice of Rule 56's requirements when a court converts a motion to dismiss to a summary judgment motion *sua sponte*, *see Renchenski v. Williams*, 622 F.3d 315, 339–41 (3d Cir. 2010), we have never held that such notice is necessary when a motion for summary judgment is initiated by the parties. As we observed in *Mala v. Crown Bay Marina, Inc.*:

> The underlying principle is simple: when a court acts on its own in a way that significantly alters a pro se litigant's rights—for example, by converting one type of motion into a different type of motion—the court should inform the pro se party of the legal consequences. But as the Supreme Court made clear . . . notice is the exception. Nonassistance is the rule.

704 F.3d 239, 245 (3d Cir. 2013) (citing *Pliler v. Ford*, 542 U.S. 225, 231, 233–34 (2004)). Additionally, unlike in *Renchenski*, there is no indication that Williams was confused as to the type of motion before the Court; nor is there a question that Williams

---

[2] Williams, who is represented by *pro bono* counsel on appeal, appeared *pro se* before the Magistrate Judge.

4

was provided an opportunity for discovery. Accordingly, we see no error with regard to notice here.

Second, Williams argues that incomplete discovery and inconsistencies in the record should have precluded summary judgment. To the extent Williams takes issue with Appellees' allegedly incomplete production of discovery materials, we note that Williams never requested the District Court to compel discovery. Williams had ample opportunity to resolve any gaps he observed in Appellees' responses during the discovery period; he simply failed to do so.

Additionally, Williams calls our attention to certain inconsistencies in the record, such as the fact that several docket numbers can be found on various documents from his state case, whereas Appellees expressly stated that they searched under one docket number in the "Answer to Plaintiff's Request for Production of Documents." (Appellant's Br. at 19.) However, noting inconsistencies is not the same as identifying a genuine dispute of material fact. *See Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (citations and quotation marks omitted) (explaining that the non-moving party who bears the burden at trial "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue"), *abrogated on other grounds by Rotkiske v. Klemm*, 890 F.3d 422 (3d Cir. 2018) (en banc). At best, the inconsistences Williams discusses suggest avenues of investigation, which, if followed, could potentially reveal facts indicating the existence, or non-existence, of the desired DNA. To conclude that these inconsistences would lead to evidence demonstrating the existence of unproduced DNA is wholly speculative. Thus,

5

we see no error in the Magistrate Judge's decision to grant summary judgment in favor of Appellees on this record.

And third, Williams asks us to find error where the Magistrate Judge declined to postpone summary judgment to permit additional discovery. Even if we were to construe his submissions to the District Court as a Rule 56(d) affidavit, we are not convinced additional discovery would have been warranted. Once again, we are of the opinion that the possibility of additional evidence raised by Williams's submissions was too speculative to defeat summary judgment.

B.

Additionally, Williams appeals Judge Baxter's orders denying his requests for counsel. District courts have discretion to appoint counsel for civil litigants. *See* 28 U.S.C. § 1915(e)(1); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). As we summarized in *Montgomery v. Pinchak*:

> As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. If a claimant overcomes this threshold hurdle, we identified a number of factors that a court should consider when assessing a claimant's request for counsel. These include:
>
> > 1. the plaintiff's ability to present his or her own case;
> >
> > 2. the difficulty of the particular legal issues;
> >
> > 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> >
> > 4. the plaintiff's capacity to retain counsel on his or her own behalf;

6

5. the extent to which a case is likely to turn on credibility determinations, and;

6. whether the case will require testimony from expert witnesses.

294 F.3d 492, 498–99 (3d Cir. 2002) (citations omitted).

Here, Judge Baxter considered, but rejected, four separate requests from Williams seeking appointment of counsel. After determining that Williams's claims were of arguable merit, the District Court observed the claims were not extraordinary, did not present difficult legal issues, and did not involve complex credibility determinations. Additionally, the District Court noted that Williams was literate and had ably represented himself thus far in the proceedings. The District Court, which carefully considered Williams's motions, did not abuse its discretion.

## IV.

For the foregoing reasons, we will affirm the orders of the Magistrate Judge.